IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

KEVEN CARTER, )
)
        **Plaintiff,** )
)
vs. ) CIVIL NO. 06-712-GPM
)
ROGER A. WALKER, JR., *et al.*, )
)
        **Defendants.** )

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff, an inmate in the Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. In this action, Plaintiff seeks damages for allegedly unlawful actions taken in connection with two conduct violations and for injuries he sustained when he was attacked by another inmate. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A.

Title 28 U.S.C. § 1915A provides:

(a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
(b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
    (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
    (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in

fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 ( 2007). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is subject to summary dismissal.

### THE COMPLAINT

Plaintiff claims that while confined at the Big Muddy Correctional Center, he was denied due process of law in connection with two disciplinary actions taken against him. In the first disciplinary action, Plaintiff was charged with and found guilty of giving false information after Plaintiff reported that Defendant Serles hit him in the mouth. As a result, Plaintiff was placed on segregation for three months, placed on "Grade C" for three months, lost three months of good time credit, was denied yard time for one month, and was recommended for disciplinary transfer. Plaintiff alleges that he was denied the opprotunity to present a defense to this charge and that the disciplinary hearing was biased against him.

In the second disciplinary action, Plaintiff was charged with and found guilty of giving false information after filing a grievance stating that Defendant Brown threatened Plaintiff while Plaintiff was handcuffed. As a sanction, Plaintiff was placed on "Grade C" for two months. Plaintiff alleges that he was denied the opportunity to present a defense and denied the opportunity to take a polygraph with regard to this disciplinary action.

Plaintiff further alleges he had been placed in a cell with inmate Glass. Plaintiff requested to be moved to a different cell. Glass then threatened Plaintiff with bodily harm and Glass asked Sergeant Abbott to move Plaintiff to a different cell. Abbott allegedly told Glass "do whatever is

necessary." Thereafter, Glass allegedly attacked and beat Plaintiff. Plaintiff further alleges that Glass used excessive force against him after this attack. Plaintiff states that he was denied medical treatment for the injuries he sustained during the attack until July 15, 2006.

**DISCUSSION**

At the outset, the Court must address the recent decision in *George v. Smith*, No. 07-1325, 2007 WL 3307028 (7th Cir. Nov. 9, 2007). In *George*, the Seventh Circuit Court of Appeals directed district courts to scrutinize *pro se* prisoner complaints which assert multiple claims against multiple defendants for compliance with Rules 18(a) and 20(a) of the Federal Rules of Civil Procedure. As explained in *George*:

> [M]ultiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that this 50-claim, 24-defendant suit produced but also to ensure that prisoners pay the required filing fees - for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. …
>
> A buckshot complaint that would be rejected if filed by a free person - say, a suit complaining A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions - should be rejected if filed by a prisoner. George did not make any effort to show that the 24 defendants he named had participated in the same transaction or series of transactions or that a question of fact is "common to all defendants."

*Id.* at *1-2.

Applying these principles to the instant complaint, Plaintiff's claims concerning the second conduct violation, the attack by inmate Glass, and the denial of adequate medical care for the injuries he sustained during the attack belong in different suits because they are unrelated to Plaintiff's first pleaded claim concerning the denial of due process in connection with the first disciplinary action (for giving false information by reporting Defendant Serles). All the claims

asserted in the complaint after the first disciplinary action are not part of the same transaction or series of transactions nor do they present a question of fact that is common to all defendants. Consequently, these claims should be dismissed without prejudice.

With regard to the first disciplinary action in May 2006, when a plaintiff brings an action under § 1983 for procedural due process violations, he must show that the state deprived him of a constitutionally protected interest in "life, liberty, or property" without due process of law. *Zinermon v. Burch*, 494 U.S. 113, 125 (1990). An inmate has a due process liberty interest only if the conditions of his or her confinement impose "atypical and significant hardship...in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). The Seventh Circuit Court of Appeals has adopted an extremely stringent interpretation of *Sandin*. In this Circuit, a prisoner in disciplinary segregation at a state prison has a liberty interest in remaining in the general prison population only if the conditions under which he or she is confined are substantially more restrictive than administrative segregation at the most secure prison in that state. *Wagner v. Hanks*, 128 F.3d 1173, 1175 (7th Cir. 1997). If the inmate is housed at the most restrictive prison in the state, he or she must show that disciplinary segregation there is substantially more restrictive than administrative segregation at that prison. *Id.* In the view of the Seventh Circuit Court of Appeals, after *Sandin* "the right to litigate disciplinary confinements has become vanishingly small." *Id.* Indeed, "when the entire sanction is confinement in disciplinary segregation for a period that does not exceed the remaining term of the prisoner's incarceration, it is difficult to see how after *Sandin* it can be made the basis of a suit complaining about a deprivation of liberty." *Id.*

A loss of good conduct credit, however, does implicate a liberty interest because such a loss potentially affects the length of Plaintiff's sentence. With respect to the first conduct violation in

May 2006, Plaintiff claims that he was deprived of good time credit. Plaintiff, however, alleges procedural defects so serious that, if established, would necessarily imply the invalidity of the deprivation of good time credits. As such, Plaintiff's § 1983 claim for damages based on these defects is not cognizable until the disciplinary action is overturned in an appropriate proceeding. *See Edwards v. Balisok*, 520 U.S. 641, 647 (1997): *Lusz v. Scott*, 126 F.3d 1018, 1021-22 (7th Cir. 1997). The proper method for challenging the revocation of good time credit is habeas corpus, but only after Plaintiff has exhausted his remedies through the Illinois state courts. *See, e.g., Heck* v. Humphrey, 512 U.S. 477, 480-81 (1994). The Illinois courts have recognized mandamus as an appropriate remedy to compel prison officials to award sentence credit to a prisoner. *See Turner-El v. West,* 811 N.E.2d 728, 733 (Ill. Ct. App. 2004) (citing *Taylor v. Franzen*, 417 N.E.2d 242, 247, *aff'd on reh'g*, 420 N.E.2d 1203 (Ill. Ct. App. 1981)). The State of Illinois must first be afforded an opportunity, in a mandamus action pursuant to 735 ILCS 5/14-101 *et seq*. to consider the merits of Plaintiff's due process claim. Accordingly, plaintiff's due process claim is dismissed without prejudice to Plaintiff bringing his claims in a properly filed habeas corpus action, ***but only after he has exhausted his state court remedies***.

In summary, Plaintiff's complaint does not survive review under § 1915A. Accordingly, this action is **DISMISSED** without prejudice, and the Clerk of Court is **DIRECTED** to close this case.

**IT IS SO ORDERED.**

DATED: 12/03/07

s/ G. Patrick Murphy
G. Patrick Murphy
United States District Judge