IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

KEVEN CARTER, )
)
        Plaintiff, )
)
vs. ) CIVIL NO. 06-712-GPM
)
ROGER A. WALKER, JR., *et al.*, )
)
        Defendants. )

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This matter is before the Court on Plaintiff's "Amended Complaint" (Doc. 12), which the Court liberally construes as a motion to reopen the case and amend the complaint as provided in Local Rule of the United States District Court for the Southern District of Illinois 15.1.[1]

**BACKGROUND**

On December 4, 2007, the Court preliminarily reviewed Plaintiff's original complaint and dismissed the action without prejudice. The Court noted that Plaintiff's first § 1983 claim – which alleged a denial of due process in connection with a disciplinary proceeding wherein Plaintiff lost good conduct credits – could not proceed unless and until Plaintiff had the disciplinary action overturned by means of an appropriate state proceeding. *See Edwards v. Balisok*, 520 U.S. 641, 647 (1997); *Lusz v. Scott*, 126 F.3d 1018, 1021-22 (7th Cir. 1997). The Court dismissed Plaintiff's

---

[1] Local Rule 15.1 provides, in pertinent part, that "[t]he original of a proposed amendment to a pleading or amended pleading itself should accompany the motion to amend so that it may be filed *instanter* if the motion is granted. While Plaintiff did not submit a motion to amend, the Court, based on the disposition below, will waive the requirement in this case.

second § 1983 claim – which alleged that Plaintiff had been attacked by another inmate and that Plaintiff had been denied medical care for the injuries he sustained – on the basis of *George v. Smith*, ___ F.3d ___, No. 05-C-0403-C, 2007 WL 3307028 (7th Cir., Nov. 9, 2007), after determining that the claim improperly joined claims and parties. Because the Court did not rule on the merits of Plaintiff's claims, the action was dismissed without prejudice, and no judgment was entered.

In response, Plaintiff filed the instant "Amended Complaint," which the Court construes as a motion to reopen the case and amend his complaint. Because Defendants had not even been served with the original complaint, the motion is **GRANTED.** The Clerk of Court is **DIRECTED** to **REOPEN THIS CASE** and **TO FILE** the amended complaint.

## THE AMENDED COMPLAINT

In his amended complaint, Plaintiff seeks relief against only four defendants: C.O. Serles, Lieutenant Harold Shuler, R. Hilliard, and Roy Bradford. Thus, the amended complaint drops from the original complaint the following defendants: Illinois Department of Corrections; Roger E. Walker, Jr.; Sgt. Abbott; Lieutenant Brown, and Lieutenant Schuler. Accordingly, the Clerk of Court is **DIRECTED TO DOCKET THIS CASE** as follows: *Keven Carter v. C.O. Serles, Lieutenant Harold Shuler, Roy Bradford, and R. Hilliard*.

As he did in the original complaint, Plaintiff claims in the amended complaint that, while confined at the Big Muddy Correction Center, Defendant Serles hit him in the mouth. Plaintiff states that he filed a grievance concerning the matter. Defendant Shuler investigated Plaintiff's complaint concerning Serles's attack. As a result of Shuler's investigation, Plaintiff was given a disciplinary ticket for "giving false information" (i.e., falsely claiming that Serles had hit him). Plaintiff contends that the disciplinary ticket was given to him in retaliation for filing the grievance

against Serles. After a hearing, Plaintiff was found guilty of the disciplinary ticket and received the following discipline: (1) segregation for three months; (2) "Grade C" for three months; (3) loss of three months of good time credit; (4) loss of yard time for one month; and (5) recommendation for disciplinary transfer. Plaintiff alleges that he was denied the opportunity to present a defense to this charge – specifically he was refused the opportunity to take a polygraph test and cross-examine Serles – and that the disciplinary hearing was biased against him. The disciplinary action was upheld by Defendant Bradford upon his later review. Plaintiff claims that Bradford upheld the disciplinary action in retaliation for filing the complaint against Serles.

Shortly after the disciplinary hearing, Plaintiff alleges that Defendant Serles confronted and verbally assailed him. Plaintiff claims that this verbal confrontation was also in retaliation for filing the complaint against Serles. Finally, Plaintiff contends that Defendant Hilliard failed to conduct an independent investigation into the disciplinary action and related matters after promising to do so. Plaintiff alleges that Defendant Hilliard's failure to investigate was also in retaliation for having filed a complaint against Serles. Liberally construing the complaint, it appears that Plaintiff asserts an excessive use of force claim against Defendant Serles and retaliation claims against Defendants Serles, Shuler, Bradford and Hilliard.[2]

**DISCUSSION**

The amended complaint is now before the Court for a preliminary review pursuant to 28 U.S.C. § 1915A.

---

[2] Although Plaintiff alleges that he was denied the opportunity to present a defense to the disciplinary charge, no member of the disciplinary hearing committee is named as a defendant in the amended complaint. Therefore, the Court does not construe the amended complaint as asserting a claim that Plaintiff was denied due process of law in the disciplinary hearing.

Title 28 U.S.C. § 1915A provides:

(a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

(b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
    (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
    (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 ( 2007). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is subject to summary dismissal.

Plaintiff's excessive use of force claim against Defendant Serles must be dismissed. To prevail on his excessive use of force claim, Plaintiff must establish that Serles did, in fact, strike him. Such a result would directly call into question the validity of the disciplinary action taken against Plaintiff for *falsely* claiming that he was hit by Serles – a disciplinary action that resulted in the loss of good time credits. Consequently, Plaintiff may not proceed on his excessive use of force claim unless and until this disciplinary action has been overturned or expunged in an appropriate proceeding. *See Edwards v. Balisok*, 520 U.S. at 647; *Lusz v. Scott*, 126 F.3d at 1021-22.

Plaintiff's retaliation claims must also be dismissed. Prison officials may not retaliate against inmates for filing grievances or otherwise complaining about their conditions of

confinement. *See, e.g., Walker v. Thompson*, 288 F.3d 1005 (7th Cir. 2002); *DeWalt v. Carter*, 224 F.3d 607 (7th Cir. 2000); *Babcock v. White*, 102 F.3d 267 (7th Cir. 1996); *Cain v. Lane*, 857 F.2d 1139 (7th Cir. 1988). However, the Seventh Circuit has clarified that in order to qualify as protected speech, an inmate's complaints or grievances must be "related to matters of public concern" rather than merely a "personal gripe" about a particular incident. *Pearson v. Welborn*, 471 F.3d 732, 740-41 (7th Cir. 2006). *See also McElroy v. Lopac*, 403 F.3d 855 (7th Cir. 2005); *Brookins v. Kolb*, 990 F.2d 308 (7th Cir. 1993).

In the case at hand, the complaint underlying Plaintiff's retaliation claim was that Serles had hit him. This complaint was a "personal gripe" about a particular incident, not a matter of public concern or prison policy, and, therefore, Plaintiff's complaint about Serles was not protected speech. Because the complaint was not protected speech, Plaintiff's retaliation claims lack legal merit and must be dismissed. Furthermore, with respect to the retaliation claims asserted against Shuler (who wrote the disciplinary ticket) and Bradford (who upheld the disciplinary actions), Plaintiff's retaliation claims directly call into question the validity of the disciplinary actions taken against him – a disciplinary action that resulted in the loss of good time credits. As such, Plaintiff's retaliation claims against Shuler and Bradford are precluded under *Edwards v. Balisok*. *See Johnson v. Litscher*, 260 F.3d 826, 830-31 (7th Cir. 2001).

Without a valid retaliation claim, Plaintiff's allegation that Serles verbally harassed him do not rise to the level of a constitutional violation. *See DeWalt v. Carter,* 224 F.3d 607, 612 (7th Cir. 2000); *see also Gutierrez v. Peters*, 111 F.3d 1364, 1375 (7th Cir. 1997); *Kincaid v. Vail*, 969 F.2d 594, 602 (7th Cir. 1992). Similarly, Plaintiff's allegation that Hilliard failed to conduct an independent investigation despite promising to do so, standing alone, also does not rise to the level

of a constitutional violation. *See Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1995) (a state's inmate grievance procedures do not give rise to a liberty interest protected by the due process clause); *see also Maust v. Headley,* 959 F.2d 644, 648 (7th Cir. 1992) (Constitution requires no procedure at all, and the failure of state prison officials to follow their own procedures does not, of itself, violate the Constitution); *Shango v. Jurich*, 681 F.2d 1091 (7th Cir. 1982).

In summary, Plaintiff's amended complaint does not survive review under § 1915A, and this action is **DISMISSED with prejudice**. Plaintiff is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

DATED: 01/31/08

s/ G. Patrick Murphy
G. Patrick Murphy
United States District Judge